Mr. Shajonny Santana  
Reg. No. 77051-054  
F.C.I. Ray Brook  
Post Office Box 900  
Ray Brook, New York  12977

Certified Mail Receipt Number  
7019 0160 0000 5927 7758

March 17, 2021

Office of the Clerk  
United States District Court  
Southern District of New york  
500 Pearl Street  
New York, New York  10007

Re: Shanjonny Santana v. United States, Civil Case No. 21-Cv-_____  
Crim. Case No. 17-Cr-00438

Dear Sir/Madam:

Please find enclosed one (1) original and two (2) copies of the undersigned Pro se Movant's Motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence.

I have enclosed the extra copy so that it can be file-stamped by your office in ordfer to be returned to me in the self addressed stamped envelope provided herein for my personal records, and to acknowledge receipt of the same.

Thank you for your time and attention to this very important matter, and I look forward to hearing from your office soon.

Very truly yours,

Mr. Shajonny Santana  
Pro se Movant

enc.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of NY |
|---|---|
| Name (under which you were convicted): Shajonny Santana | Docket or Case No.: 17-Cr-00438 |
| Place of Confinement: F.C.I. Ray Brook | Prisoner No.: 77051-054 |
| UNITED STATES OF AMERICA  v. | Movant (include name under which you were convicted) Shajonny Santana |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York located at 500 Pearl Street, New York, New York 10007

   (b) Criminal docket or case number (if you know): 17-Cr-00438

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: January 7, 2019

3. Length of sentence: One Hundred Twenty (120) months

4. Nature of crime (all counts): Count 1—RICO Conspiracy in violation of 18 U.S.C. §1962(d); Count 2—Violent Crimes In Aid of Racketeering in violation of 18 U.S.C. §1959(a)(1) [contained in indictment but movant not charged in court]; Count 3—Drug Conspiracy in violation of 21 U.S.C. §846; §841(a)&(b); Count 4—Firearm use resulting in murder in violation of 18 U.S.C. §924(c)&(j) [contained in indictment but movant not charged]; Count 5—Use of a firearm in violation of 18 U.S.C. §924(c)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Movant entered guilty plea to Count 1 and not guilty to remaining counts he was charged with in the indictment

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

   Non-Applicable

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: Uninted States Court of Appeals for the Second Circuit

   (b) Docket or case number (if you know): 18-3776

   (c) Result: Judgment of District Court Affirmed

   (d) Date of result (if you know): March 19, 2020

   (e) Citation to the case (if you know): (Unpublished—Summary Order)

   (f) Grounds raised: Whether movant's sentence was unreasonabvle because of an improperly criminal history calculation which included a prior youthful offender adjudication; the district court impermissibly double counted violence involving the drug conspiracy and similar conduct for racketeering act; and the district court failed to consider movant's minor role in the offenses, positive character and post-conviction conduct.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

   If "Yes," answer the following:   Non-Applicable

   (1) Docket or case number (if you know): Non-Applicable

   (2) Result: Non-Applicable

   (3) Date of result (if you know): Non-Applicable

   (4) Citation to the case (if you know): Non-Applicable

   (5) Grounds raised: Non-Applicable

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Non-Applicable

    (2) Docket or case number (if you know): Non-=Applicable

    (3) Date of filing (if you know): Non-Applicable

(4) Nature of the proceeding:   Non-Applicable

(5) Grounds raised:   Non-Applicable

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result:   Non-Applicable

(8) Date of result (if you know):   Non-Applicable

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:   Non-Applicable

   (2) Docket or case number (if you know):   Non-Applicable

   (3) Date of filing (if you know):   Non-Applicable

   (4) Nature of the proceeding:   Non-Applicable

   (5) Grounds raised:   Non-Applicable

   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

   (7) Result:   Non-Applicable

   (8) Date of result (if you know):   Non-Applicable

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:   Yes ☐   No ☒

   (2) Second petition:   Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Non-Applicable

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel in violation of of the Sixth Amendement of U.S. Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A) Movant's attorney was ineffective rendering his guilty plea involuntary due to counsel inducing and misrepresenting to him the sentence movant would receive by entering a guilty plea. Although, initially movant was unmoved by counsel's promised sentence of time-served in exchange for entering a guilty plea and foregoing trial, counsel used movant's family to convince him that a guilty plea was in his best interest based on the fact that he had previously when to trial and was acquitted. But for counsel's deceptive tactics and misrepresentations, movant would have proceeded to trial against the charges he faced. Due to counsel, clearly deficient performance in inducing movant to plea guilty to an indictment that he was willing to test at a trial before a jury, he was seriously prejudiced and would have proceeded to trial not accepting the guilty plea.

B) Movant's attorney was inffective when he withdrew movant's double jeopardy defense to the charged indictment which was starkly similar to the charges and involved the identical co-defendants that he was charged in a previous indictment he proceeded to trial on which ended in an acquittal. Due to counsel's deficient performance in withdrewing a lawful double jeopardy claim even before the court making a ruling was prejudicial to movant in that it prevented him from setting forth a viable constitutional defense to federal criminal charges.

C) Movant's appellate counsel was ineffective when she failed to raise on appeal the violation of defendant's double jeopardy rights, which cannot be waived by entrance of a guilty plea. Clearly, appellate counsel's perform was deficient when she raised less significant claims when the records demonstra- the obvious constitutional double jeopardy issue. This failure but appellate counsel prejudiced movant in violation of his right to appeal and the effective assistance of appellate counsel.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Issues based on the ineffective assistance of counsel

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Non-Applicable

Name and location of the court where the motion or petition was filed: Non-Applicable

Docket or case number (if you know): non-Applicable

Date of the court's decision: Non-Applicable

Result (attach a copy of the court's opinion or order, if available):

Non-Applicable

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state: Non-Applicable

Name and location of the court where the appeal was filed:

Non-Applicable

Docket or case number (if you know): Non-Applicable

Date of the court's decision: Non-Applicable

Result (attach a copy of the court's opinion or order, if available):

Non-Applicable

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Non-Applicable

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

> These claims are based on ineffective assistance of counsel which are best raised in the collateral context.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

> Non-Applicable

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Non-Applicable

(b) At arraignment and plea: Mr. Harvey Fishburn, Esq. 111 Broadway Suite 701-New York, New York 10006.

(c) At trial: Non-Applicable (movant entered guilty plea)

(d) At sentencing: Lorraine Ganli-Rufo, Esq., 48 Wall Street, 5th fl. New York New York, 10005

(e) On appeal: Lorraine Ganli-Rufo, Esq. (Same as Above)

(f) In any post-conviction proceeding: Non-Applicable

(g) On appeal from any ruling against you in a post-conviction proceeding:
> Non-Applicable

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:   Non-Applicable

    (b) Give the date the other sentence was imposed: Non-Applicable

    (c) Give the length of the other sentence:  Non-Applicable

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Movant's motion is being filed within the one-year limitation period required by statute following his conviction becoming final.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __3/17/2021__ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

MR S
REG
F C I RAY BROOK
POST OFFICE BOX 900
RAY BROOK    NEW YORK   12977

RECEIVED
2021 MAR 24  PM 2:05
CLERK'S OFFICE
S.D.N.Y.

USMP3
CASDNY

LEGAL MAIL

Criminal Docketing  JKR

7019 0360 0000 5927 7758

U.S. POSTAGE PAID
FCM LG ENV
RAYBROOK, NY
12977
MAR 19, 21
AMOUNT
$0.00
R2305H128753-09

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK   NEW YORK   10007

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK
DATE: 3/19/21

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee,