UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHAJONNY SANTANA,

               Petitioner,

    - v. -

UNITED STATES,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:  6/7/2021

17 Cr. 438 (VEC) /
21 Civ. 2659 (VEC)

## ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER
## (INFORMED CONSENT)

WHEREAS Defendant Shajonny Santana ("Santana" or the "Defendant") has filed a motion pursuant to 28 U.S.C. § 2255 on the grounds, among others, that Defendant's former counsel, Harvey Fishbein, Esq., and Lorraine Gauli-Rufo, Esq. (collectively, "Counsel") provided ineffective assistance of counsel in connection with petitioner's guilty plea and appeal;

WHEREAS the Government, after reviewing the motion papers, has concluded that Counsel's testimony will be needed in order to allow the Government to respond to certain aspects of the motion;

WHEREAS the Court, after reviewing the motion papers, is satisfied that Counsel's testimony is needed in order to allow the Government to respond to the motion;

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

1

WHEREAS by making the motion, the Defendant has waived as a matter of law the attorney-client privilege with respect to the issues necessary to resolve his motion;

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of affidavits, addressing the allegations of ineffective assistance of counsel made by the Defendant; and it is further

ORDERED that Shajonny Santana execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form.  If the document is not received by the Court within 60 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that the Government shall file an answer or other pleadings in response to the motion within sixty days of the date that the affidavits of Counsel are made available to the Government.

Dated: New York, New York
      June  7  , 2021

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to mail this order and attachment to Mr. Santana.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
SHAJONNY SANTANA,                                       :
                    Petitioner,                         :
                                                        :
        - v. -                                          :     17 Cr. 438 (VEC) /
                                                        :     21 Civ. 2659 (VEC)
UNITED STATES,                                          :
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**Attorney-Client Privilege Waiver (Informed Consent)**

**To: Defendant Shajonny Santana (Reg. No. 77051-054):**

You have made a motion based, in part, on the ground that you received ineffective assistance from your former lawyers, Harvey Fishbein, Esq., and Lorraine Gauli-Rufo, Esq. ("your former attorneys"). The Court has reviewed your papers and determined that it needs your former attorneys' testimony in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with Mr. Fishbein and Ms. Gauli-Rufo to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering Mr. Fishbein and Ms. Gauli-Rufo to provide affidavits to the Government. Additionally, the Government may discuss with Mr. Fishbein and/or Ms. Gauli-Rufo communications between him/her and you regarding your criminal case and subsequent appeal, consistent with your waiver of the attorney-client privilege by making your motion. This Informed Consent form is designed to ensure that you fully understand and agree to this.

If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorney to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to testify in this matter.

1

You must return this form, signed by you, within 60 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, the Court will automatically deny your motion.

## **AUTHORIZATION**

I have read the Court's Order dated June _____, 2021 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Harvey Fishbein, Esq., and Lorraine Gauli-Rufo, Esq., to testify in this matter only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Shajonny Santana

2