USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/2022

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2022 AUG 29 AM 10: 27

SHAJOHNNY SANTANA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 21-Cv-2659
Crim. Case No. 17-Cr-0438

United States District Court
Honorable Valerie E. Caproni

## MOTION TO ALTER OR AMEND JUDGMENT
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE

    Comes Now, Shajohnny Santana, the undersigned Pro se Movant, and files this motion to alter and amend this Court's July 28, 2022 Opinion & Order (hereafter, Order, p. \_\_\_"), denying his motion under 28 U.S.C. §2255, pursuant to the Federal Rules of Civil Procedure (F.R.Civ.P.), Rule 59(e). In support of this Honorable Court altering or amending its previous judgment and granting him an evidentiary hearing, he states as follows based in law and fact.

    This pro se movant moves this Court to alter or amend its Order based on the clear error of law and fact in overlooking the fact that counsel's affidavit, along with those of movant's family members speaks to matters outside the record. See Chang v. United States, 250 F.3d. 79, 85 (2nd Cir. 2000)(quoting Armienti v. United States, 234 F.3d. 820 (2nd Cir. 2000)).

    Clearly, based on the record in this case, besides counsel's self serving affidavit which acknowledges the presence of other individuals directly privied to the attorney-client conversations

- 1 -

that are to crux of movant's collateral claims. See Movant's §2255 Reply, p. 3; hereafter, "Reply, p. ___")(pointing out that counsel visited movant "with associate counsel and [his] legal assistance" yet the government has not produced any supporting affidavits to these attorney-client conversation where movant avers he was surreptitiously induced to plea guilty); see also, Movant's Memorandum in Support of §2255, p. 6; hereafter, "§2255,, p. ___").

Without producing these counter affidavits, this Court is arguably resolving movant's viable ineffective assistance of counsel claim in contravention of movant's due process rights. Especially when, this Court discusses movant's submission of affidavits from his family members as in sufficient to support his ineffective claim but makes no mention or weighs the essential fact of the other evidentiary support of movant's viable claim. (See Order, p. 7-9).

Thus, it is movant's position that this absent evidence creates a clear error amounting to a manifest injustice when a habeas movant has only one opportunity to collaterally challenge his conviction generally. See 28 U.S.C. §2255(f), as amended by the AEDPA. Clearly, movant's ineffective claim was not premised on if counsel erred when recommending movant entering a guilty plea as summed up by this Court; (see Order, p. 7), but whether counsel induced him to enter a guilty plea when he wanted to proceed to trial by deceptive means. The §2255 record evidence supports movant arguably was induced to plea guilty by the false promises of counsel which were told to him in the presence of others, then expressed to his family by those same actors. Moreover, the promises of counsel was given a level of credibility when his words were echoed by this Court during the

plea hearing in which is stated, "99 percent of the time it's going to be the same as what the attorneys come up with[.]" (See June 19, 2019 Plea Hearing Transcripts, p. 14).

Thus, the full extent of the conversation betwwen movant and counsel, in the presence of other known and named individuals coupled with the affidavits of movant's family cannot so lightly be dismissed in these collateral proceedings. See Chang, surpa at pp. 84, 86; seel also, United States v. Tolliver, 800 F.3d. 138, 141 (3rd Cir. 2015)(when §2255 allegation is not clearly resolved by the record a hearing should be held); Raines v. United States, 423 F.2d. 526, 539 (4th Cir. (Although it is in a cidstrict court's sound discretion to hold a hearing, "[w]hen the issue is one of credibility resolution on the basis of affidavits can rarely be conclusive").

In this instant case, requiring that other individuals admittedly present during attorney-client conversations, when counsel induced movant like in this case may reasonably alter this Court's conclusion making reconsideration appropriate. See Schrader v. CXS Transp. Inc., 70 F.3d. 255, 257 (2nd Cir. 1995)(The strict standard for a motion to alter or amend allows for reconsideration when evidence is overlooked and can reasonably be expected to alter the conclusion reached by a court).

The general law of this circuit requires courts to consider at an evidentiary hearing factual disputes to resolve what was told to a defendant to induce him to enter a guilty plea, waiving the right to trial. See United States v. Nelson, 277 F.3d. 164 (2nd Cir. 2002) (citing Brady v. United States, 397 U.S. 742, 755 (1970)). Importantly, notwithstanding this Court's reasonaing that "enlisting" a defendant's family members to induce him to plea guilty is proper;

(see Order, p. 8), this takes on a different complexion when the enlistment was based on an improper bases. Especially since, movant's counsel has swore under penalty of perjury that other individuals were present during the attorney-client conversations, a significant fact that this Court appears to disregard.

In sum, this Court alter or amend its judgment given the fact that movant has demonstrated a clear error of fact based on the court disregarding and not weighing a key fact contained in counsel's affidavit which can support movant's claim.

Wherefore, this Pro se Movant prays this Honorable Court grant this motion to alter or amend its July 28, 2022 Order under Rule 59(e) of the F.R.Civ.P. And, this Court grant any and all other relief it deems just and proper in the interest of fairness and justice.

Respectfully submitted,

/s/ *signature*

Mr. Shajohnny Santana
Pro se Movant
Reg. No. 77051-054
F.C.I. Ray Brook
Post Office Box 900
Ray Brook, New York 12977

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify taht a true and complete copy of the foreoing has been given to prison officials for mailing, first class postage prepaid, and sent to: Office of the U.S. Attorney for Southern Distict of New York located at 147 St. Andrews Plaza, New York 10007. On this 22nd day of August, 2022, pursuant to 28 U.S.C. §1746.

Mr. Shajohnny Santana
Reg. No. 77051-054
F.C.I. Ray Brook
Post Office Box 900
Ray Brook, New York 12977

Certified Mail Receipt Number
7021 1970 0001 6115 2326

August 22, 2022

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Shajohnny Santana v. United States, Case No. 21-Cv-2659 (VEC)

Dear Sir/Madam:

Please find enclosed one (1) original and one (1) copy of the undersigned Pro se Movant's Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure, Rule 59(e).

I have enclosed the extra copy so that it can be file-stamped by your office in order to be returned to me in the self addressed stamped envelope provided herein for my personal records and to acknowledge receipt of the same.

As an aside, movant invokes the mailbox rule announced in the Supreme Court decision Houston v. Lack, 487 U.S. 266 (1987).

Thank you for your time and attention to this very important matter, and I look forward to hearing from your office soon.

Very truly yours,

_[signature]_
Mr. Shajohnny Santana
Pro se Movant

enc.

⇔77051-054⇔
Shajohnny Santana
PO BOX 900
RAY Brook, NY 12977
United States





Pro se
AC

⇔77051-054⇔
Office Of The Clerk
US District Court
Southern Disrict Of New York
500 Pearl Street
NEW YORK, NY 10007
United States


RECEIVED
SDNY PRO SE OFFICE
2022 AUG 29 AM 9:00


RECEIVED
AUG 26 2022
CLERK'S OFFICE
S.D.N.Y.

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK

DATE: 8/24/22

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address."

17CR 438

On July 28, 2022, this Court denied Mr. Santana's § 2255 petition for habeas relief. Dkt. 708. Mr. Santana now moves for reconsideration under Fed. R. Civ. P. 59(e).

A Rule 59(e) motion to alter or amend a judgment will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379–80 (S.D.N.Y. 2008) (quoting V*irgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Mr. Santana has not identified any intervening change in controlling law, new evidence, or the need to correct a clear error that the Court made in denying his petition. Accordingly, the Court finds no basis to reconsider its previous judgment. Mr. Santana's motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the open motion at docket entry 719.

SO ORDERED.

*[Signature: Valerie Caproni]*                                   Date: 9/6/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE